IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                Plaintiff,

    v.

WARDEN RANDALL HEPP and
DEPUTY WARDEN CHRIS A. KRUEGER,

                Defendants.

ORDER

15-cv-115-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated April 2, 2015, pro se plaintiff Jerome Anthony Theus was denied leave to proceed on the claim he set forth in his proposed complaint about a towel plaintiff says prison officials took from him. His complaint was dismissed, the case was closed and plaintiff was assessed a strike under 28 U.S.C. § 1915(g) for filing a frivolous lawsuit. Now, plaintiff has filed various motions and letters in which he asks the court to reopen his case and grant him relief for his confiscated towel as well as other disagreements he has with prison officials at the Fox Lake Correctional Institution. Dkt. ## 10-16, 18. Plaintiff also filed a letter from a fellow prisoner in support of his motions. Dkt. #17. I am denying all of plaintiff's requests.

In his proposed complaint and attached exhibits, plaintiff alleged that he took a towel from the Racine Correctional Institution, where he had been housed, to the Fox Lake prison, to which he was transferred. At some point, prison officials at Fox Lake discovered the

1

Racine towel and took it away from plaintiff. Plaintiff did not allege that he no longer had access to any towels, just that he no longer had that towel. Because plaintiff did not have a property interest in the towel, I concluded that he had failed to state a claim upon which relief may be granted and that his complaint was frivolous.

Plaintiff now says that the towel is "n[o]t a state towel." Dkt. #15. As discussed in the order screening his complaint, even if the towel was his personal towel, plaintiff does not necessarily have the right to keep it with him in prison. Munson v. Gaetz, 673 F.3d 630, 638 (7th Cir. 2012) (if prison's policy limiting property is for legitimate penological purpose, prisoner has no property interest in items confiscated under that policy). Further, plaintiff has not alleged that he failed to receive any process that might have been due to him. He attached to his complaint the conduct report he received for having the towel, dkt. #1, exh. #2. Under normal circumstances, plaintiff would receive a hearing at which he could contest the conduct report, and plaintiff has not alleged that the hearing did not happen. At best, plaintiff's allegations raise state law claims under Wis. Stat. ch. 893, which contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property. Because plaintiff has not alleged that he and the prison officials have diverse citizenship under 28 U.S.C. § 1332, he cannot bring these state law claims in federal court. Finally, plaintiff contends that the towel issue raises an Eighth Amendment claim, but it does not. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted) (quoting Rhodes v. Chapman,

452 U.S. 337, 101 (1981)). Accordingly, plaintiff has not provided reason to reopen his case and his motion will be denied.

The remainder of plaintiff's requests for relief have nothing to do with the underlying basis for his case. Although plaintiff mentioned some of these matters in his complaint, they did not appear to be claims upon which he was seeking relief, and he did not take issue with how I construed his complaint. In particular, plaintiff says he and other prisoners suffered retaliation at the hands of various prison officials for filing lawsuits, dkt. ## 11, 12, 14; he mentions a laundry bag that was taken from him for a period of time, dkt. ##12,13; he says that prison staff have been rude to his wife, dkt. #12; and he contends that he is not receiving proper treatment for his acid reflux disease, dkt. ##14-16. None of these are the basis of his present suit, and the last contention is the subject of plaintiff's pending lawsuits in case nos. 13-cv-681-bbc and 14-cv-224-bbc. In addition, plaintiff does not have standing to assert the other prisoners' claims. Accordingly, plaintiff will not be granted relief related to any of these requests.

Plaintiff raises three other issues I will address separately. First, he says he has not been receiving mail from the court, dkt. ##12, 14, but I know that he receives the court's order screening his complaint and the judgment because he has asked to reopen the case. Those are the only documents plaintiff should have received from the court in this case since April. Accordingly, I see no issue to resolve with respect to plaintiff's mail at this time. Second, plaintiff again says that he believes prison officials may have been attempting to poison him because he was given pills that had "needle holes" in them. Dkt. ##10, 12-15.

3

As I explained to plaintiff in an order dated January 26, 2015 in case no. 13-cv-681-bbc, dkt. #48, although these allegations are serious, plaintiff provides no basis for why he believed he saw holes in the pills or why those holes would have contained poison and he has not alleged that the problem has recurred.  Thus, it is not an issue that can be addressed in this lawsuit.  If plaintiff wishes to raise claims related to these allegations, he will have to do so in a separate lawsuit and pay the filing fee, or an initial partial payment of the fee, if he proceeds in forma pauperis.  Third, because plaintiff is not going forward with this lawsuit, his requests for assistance in recruiting counsel, dkt. ##10-16, 18, are moot.

With respect to this lawsuit, plaintiff has filed numerous duplicative and frivolous requests for relief.  Responding to these repeated motions wastes judicial resources.  To preserve these resources, any further similar filings submitted by plaintiff related to this case will be docketed but deemed denied after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).  Plaintiff is reminded that he should write the case number at the top of every document he files so that the clerk of court can be sure to place it in the appropriate case.

ORDER

IT IS ORDERED that

1. Plaintiff Jerome Anthony Theus's motions to reopen the case and for various other forms of relief, dkt. ##10-18, are DENIED.

2.  The clerk of court is directed to forward to chambers any future documents

plaintiff submits to this court that pertain to case no. 15-cv-115-bbc. These will be considered denied, without the need for judicial action, on the 30th day following receipt, unless the court orders otherwise.

    Entered this 26th day of June, 2015.

                                      BY THE COURT:
                                      /s/

                                      _____
                                      BARBARA B. CRABB
                                      District Judge